**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Ames, ) | |
| ) | |
| Plaintiff, ) | CV 06-2088-PHX-PGR |
| ) | |
| vs. ) | |
| ) | SCHEDULING ORDER |
| Jefferson Pilot Financial ) | |
| Insurance Company, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    A Scheduling Conference having been held before this Court on **Monday, February 5, 2007**,

    IT IS ORDERED that:

    (1)    Motions pursuant to Fed.R.Civ.P. 12(b) shall be filed no later than **March 16, 2007**.[1]

    (2)    Motions to amend pleadings, and motions to join additional parties shall be filed no later than **March 16, 2007.**

---

[1] In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of any pending motion unnecessary.
    Counsel are advised that the Chambers' e-mail box, established pursuant to the Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to the Court, **and is NOT to be used as a means of communicating with Chambers' staff.**

(3)     The Defendants are to file their motion addressing whether the policy at issue falls under the Employee Retirement Income Security Act ("ERISA") within **thirty (30) days** of the date of this Scheduling Order.  The Plaintiff's response thereto or cross-motion is then due **thirty (30) days** from the date the Defendants file their motion.

(4) Parties were to exchange their respective initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and file with the Court a notice of such exchange, no later than **February 2, 2007,** if the parties have not already done so.  The plaintiff shall disclose his expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **August 16, 2007.**  The Defendant shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **September 17, 2007.** Expert witness depositions shall be completed by **November 30, 2007**.

(5)     All discovery, including answers to interrogatories, shall be completed by **January 11, 2008**, and supplemental disclosures and discovery responses shall thereafter be made as required by Fed.R.Civ.P. 26(e). Discovery which cannot be timely responded to prior to the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.  Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties.  If parties cannot reach a resolution of

discovery disputes arising during depositions, they are directed to arrange a conference call with the Court to resolve the disputes.

(6)   All dispositive motions shall be filed by **January 11, 2007**.

(7) A Joint Pretrial Statement shall be filed by **May 9, 2008**.   If dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the above date or 30 days following the resolution of the motions, whichever is later.   The content of the Joint Pretrial Statement shall include, but not be limited to, that prescribed in a standard form of Joint Pretrial Statement provided to the parties.   The parties shall augment the Joint Pretrial Statement as necessary so it contains all of the pretrial disclosures as defined and required by Fed.R.Civ.P. 26(a)(3).   It shall be the responsibility of the plaintiff to timely initiate the process of drafting the Joint Pretrial Statement and the plaintiff shall submit its draft of the Joint Pretrial Statement to the defendant no later than <u>ten business days</u> prior to the date for filing the Joint Pretrial Statement.

(8)   Motions in limine shall be filed no later than the date of filing of the Joint Pretrial Statement.   Responses to motions in limine are due ten business days after service.   No replies are permitted.   The hearing on the motions in limine, if one is permitted by the Court, will take place at the time of the Pretrial Conference.   <u>No motion in limine shall be filed unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere</u>

1  efforts to do so, counsel have been unable to satisfactorily
2  resolve the matter.

3  (9)  The attorneys for each party who will be responsible
4  for trial of the lawsuit, or the parties if pro per, shall
5  appear and participate in a Pretrial Conference on **Monday,**
6  **June 9, 2008 at 3:30 p.m.**, in courtroom 601.  Because Pretrial
7  Conferences are held for the parties' benefit, and further
8  because the parties' presence will facilitate frank discussion
9  of the pertinent issues in the lawsuit, each party or a
10 representative with binding settlement authority shall attend
11 the Pretrial Conference.  If dispositive motions are filed,
12 the Court will continue the date of the Pretrial Conference,
13 if one is still necessary, until after the resolution of such
14 motions and the filing of a Joint Pretrial Statement.

15 (10) Selection of a trial date, and directions for filing
16 trial briefs, proposed findings of fact and conclusions of law
17 or proposed jury instructions and voir dire questions, and for
18 marking trial exhibits shall be set forth in an order entered
19 following the completion of the Pretrial Conference.

20 (11) **The parties are cautioned that the deadlines set in**
21 **this Scheduling Order shall be enforced, and that the Court**
22 **will not entertain any stipulations to continue them - any**
23 **request to extend any of the deadlines set herein must be made**

**by means of a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown.**

DATED this 6th day of February, 2007.

Paul G. Rosenblatt
United States District Judge